UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GARING, | |
| Petitioner, | No. 24-CV-5932 (KMK) |
| -v- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MARK MILLER, *Superintendent*, | |
| Respondent. | |

KENNETH M. KARAS, United States District Judge:

On July 29, 2024, Stephen Garing ("Petitioner"), proceeding pro se, filed the instant

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging certain conditions

of his confinement as well as his continued post-incarceration confinement at a residential

treatment facility at Greenhaven Correctional Facility.  (*See* Pet. (Dkt. No. 1).)[1]

 On September 9, 2024, the Court issued an Order construing Petitioner's submission as a

habeas petition under 28 U.S.C. § 2254 and directing Superintendent Miller to respond.  (*See*

Dkt. No. 7 at 1–2.)  On December 20, 2024, Superintendent Miller moved to dismiss the Petition.

(*See* Dkt. No. 16.)  Petitioner did not respond.  (*See generally* Dkt.)

On September 6, 2024, the Court referred this case to Magistrate Judge Judith C.

McCarthy ("Judge McCarthy").  (*See* Dkt. No. 5.)  Judge McCarthy issued a Report and

Recommendation ("R&R"), on June 9, 2025, recommending that the Petition be denied.  (*See*

---

[1] Petitioner was convicted of multiple sex offenses in state court and, in 2004, was sentenced to a maximum of twenty years' incarceration, followed by a maximum period of post-release supervision of five years.  (Dkt. No. 16-2 at 1–4.)  As Petitioner was certified as a Level III sex offender, Petitioner's conditions of release included the requirement that he "secure housing compliant with the Sexual Assault Reform Act [("SARA")]."  (*Id.* at 3–5, 16–19.)  Petitioner reached the maximum expiration date of his incarceration on July 20, 2023.  (*Id.* at 4.)  Because Petitioner had not secured SARA-compliant housing as of that date, he was transferred to Green Haven residential treatment facility.  (*Id.* at 3–4.)

R&R (Dkt. No. 17).)  Specifically, Judge McCarthy noted that Petitioner had passed away on or around May 7, 2025, and thus, the Petition was rendered moot.  (*See* R&R 2 (citing *Incarcerated Lookup*, NY DOCCS, http://nysdoccslookup.doccs.ny.gov/ (last visited September 9, 2025) (search using DIN 04A1017)); *see id.* (citing *Brooks v. Keyser*, No. 20-CV-3403, 2024 WL 474583, at *1 (S.D.N.Y. Feb. 7, 2024) ("When a habeas petitioner dies while their petition is pending, federal courts have consistently concluded that their death renders their habeas case moot.")).)  No objections were filed.[2]

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error.  *See Bonanno v. O'Malley*, No. 16-CV-1978, 2024 WL 4349272, at *1 (S.D.N.Y. Sept. 30, 2024) (citing *Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1 (S.D.N.Y. June 2, 2023)); *see also Clark v. New York*, No. 22-CV-6635, 2024 WL 4003152, at *1 (S.D.N.Y. Aug. 30, 2024) (same).  The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby ORDERED that the Report and Recommendation, dated June 9, 2025, is ADOPTED in its entirety and that the Petition is DISMISSED.  Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000)), and the Court

---

[2] Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days from the receipt of the R&R, and that the failure to object would constitute a waiver of either Parties' right to raise any objections to this R&R on appeal.  (*See* R&R 3–4.)

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  The Clerk of the Court is respectfully directed terminate the pending motion, (Dkt. No. 16), and close this case.

SO ORDERED.

Dated:    September 9, 2025
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

3